## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## <u>SOUTHERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| v. | ) **No. 1:11-cr-00338-KOB-JEO** |
| | ) |
| **JOSHUA ABRAHAM WHITE** | ) |

### PLEA AGREEMENT

The Government and Joshua Abraham White, the defendant, hereby acknowledge the following plea agreement in this case:

### <u>PLEA</u>

The defendant agrees to (i) plead guilty to **COUNT ONE** of the Indictment filed in the above numbered and captioned matter; and (ii) consent to an order of forfeiture as described below. In exchange, the United States Attorney, acting on behalf of the Government and through the undersigned Assistant United States Attorney, agrees to dismiss **COUNT TWO** of the Indictment at the time of sentencing and to recommend the disposition specified below, subject to the conditions in paragraphs **VII** and **VIII**.

### <u>TERMS OF THE AGREEMENT</u>

### I. <u>MAXIMUM PUNISHMENT</u>

The Parties understand that the maximum statutory punishment that may be

Defendant's Initials J A W

imposed for the crime of Attempted Enticement, in violation of Title 18, United States Code, Section 2422(b), as charged in COUNT ONE is:

     a.    Imprisonment for not more than Life, but a mandatory minimum of 10 years, per count;

     b.    A fine of not more than $250,000.00, or,

     c.    Both (a and b);

     d.    Supervised release of not less than 5 years, up to Life; and,

     e.    Special Assessment Fee of $100.

## II. FACTUAL BASIS FOR PLEA

The United States would be prepared to prove the following facts beyond a reasonable doubt at the trial of this case:

The defendant, Joshua Abraham White, is a native and citizen of the United States, born in or about December 1982, with social security number xxx-xx- 1902. On or about July 25, 2011, the defendant initiated email contact, via the internet, with undercover law enforcement officers by responding to an internet advertisement/profile. In the correspondence that followed, the defendant came to believe that a person was willing to arrange for the defendant to engage in prostitution and other illegal sexual activity with two (2) female children under the age of 16, to wit: 13 years old and 10 years old. The defendant was communicating with an undercover police officer in Jefferson County, within the

Defendant's Initials JAW

Northern District of Alabama, and elsewhere. The defendant communicated with an undercover police officer via the internet and telephone.

On or about August 4, 2011, the defendant indicated within an email communication "would like have sex with {Child 1's Name} and {Child 2's Name} if possible and would like to make {Child 3's Name} feel good...". On or about August 8, 2011, the defendant indicated within an email communication "...Tell {Child 1's Name} I'm very excited too. I can't wait to meet both of em. As for {Child's 2's Name} I was thinking atleast a blowjob and sex if she's willing.".

On or about August 10, 2011, the defendant arranged to meet for illegal sexual activity in a vehicle on August 12, 2011 by indicating within an email, "12:30 and the {name of vehicle} is fine with me. We just need a place to meet. I'm really excited too and can't wait till friday myself. Anything special i need to know before we meet? Tell them both i really can't wait to meet them."

On or about August 10, 2011, the undercover responded in an email communication, "Hey 12:30 should be fine. I should be done early that day I usually like to meet in a {Store's Name} parking lot usually the easiest place to find each other. So you want both {Child 1's Name} and {Child 2's Name} for this meet. Nothing weird and nothing that will be painful right and you will be bringing protection? They are both really excited a little nervous but very excited." The defendant indicated within an email communication, "Which {Store's Name}?

Defendant's Initials **JAW**

and yes both of them and no nothing wierd no pain and yes protection. Made sure i had some protection today actually."

On August 12, 2011 the Undercover Officer placed a telephone call to the defendant at 205-514-####. The Undercover stated he would be in a {vehicle} and the defendant stated he was going to meet the undercover in the {store in Northern District of Alabama} at 12:30 PM and would be in a blue Dodge Dakota. At approximately 12:30 PM, a 1993 blue Dodge Dakota pick-up truck pulled into the parking lot at store in the Northern District of Alabama. The defendant pulled up to the Undercover Officer's vehicle. The Undercover Officer asked if the defendant was Josh and faytevalentine. The defendant confirmed his identity and was then taken into custody. Search of the defendant, incident to lawful arrest, revealed two (2) durex Condoms located in a side pocket of the defendants brown wallet and one (1) black and blue LG TracFone cellular telephone with serial number 102KPVH329511 located in his front left pants pocket.

The defendant stated to law enforcement, after waiving his *Miranda* rights, that the defendant had contacted the Undercover Officer utilizing faytevalentine@yahoo.com regarding sexual intercourse with two minor females under the age of 16 years old and he knew it was wrong. The defendant also stated he had a computer and several other pieces of digital evidence at his home and gave law enforcement written consent to search and seize the items, as well as, his

Defendant's Initials J A W

cellular telephone and email account.

As a matter of law, the following is some of the sexual activity for which the defendant can be charged with a criminal offense under Alabama law, or may apply under Alabama law:

RAPE in the FIRST DEGREE [Ala. Code § 13A-6-61 (1975)]: A person commits the crime of rape in the first degree if: He, being 16 years old or older, he engages in sexual intercourse with a member of the opposite sex less than 12 years old;

SODOMY in the FIRST DEGREE [Ala. Code § 13A-6-64 (1975)]: A person commits the crime of sodomy in the first degree if: He, being 16 years old or older, he engages in deviate sexual intercourse with another person less than 12 years old;

RAPE in the SECOND DEGREE [Ala. Code § 13A-6-62 (1975)]: A person commits the crime of rape in the second degree if: He, being 16 years old or older, he engages in sexual intercourse with a member of the opposite sex less than 16 and more than 12 years old; provided, however, the actor is at least two years older than the member of the opposite sex;

SODOMY in the SECOND DEGREE [Ala. Code § 13A-6-64 (1975)]: A person commits the crime of sodomy in the second degree if: He, being 16 years old or older, he engages in deviate sexual intercourse with another person less than 16 and more than 12 years old;

SEXUAL ABUSE OF A CHILD LESS THAN 12 YEARS OLD[Ala. Code § 13A-6-69.1 (1975)]: A person commits the crime of sexual abuse of a child less than 12 years old if he or she, being 16 years old or older, subjects another person who is less than 12 years old to sexual contact;

Defendant's Initials *JAW*

SEXUAL ABUSE in the SECOND DEGREE [Ala. Code § 13A-6-67 (1975)]: A person commits the crime of sexual abuse in the second degree if: He, being 19 years or older, subjects another person to sexual contact who is less than 16 years old, but more than 12 years old;

"Deviate Sexual Intercourse" means an act of sexual gratification between person not married to each other involving the sex organs of one person and the mouth or ans of another. Ala. Code § 13A-6-60 (1975); and,

"Sexual Contact" means any touching of the sexual or other intimate parts of a person not married to the actor, done for the purpose of gratifying the sexual desire of either party. Ala. Code § 13A-6-60 (1975);

Based, upon the conduct outlined above, the defendant did use a facility and means of interstate and foreign commerce; to wit: the internet or cellular telephone, to attempt to knowingly persuade, induce, and entice a 13 year old child to engage in sexual activity for which any person can be charged with a criminal offense, in violation of Title 18 U.S.C. § 2422(b).

**The defendant hereby stipulates that the facts stated above are substantially correct and that the Court can use these facts in calculating the defendant's sentence. The defendant further acknowledges that these facts do not constitute all of the evidence of each and every act that the defendant and/or any co-conspirators may have committed.**

*Joshua Abraham White*
**Joshua Abraham White, the defendant**

## III. RECOMMENDED SENTENCE

Subject to the limitations in paragraph VIII regarding subsequent conduct

Defendant's Initials **JAW**

and pursuant to Rule 11(c)(1)(B), Fed.R.Crim.P., the government will recommend the following disposition:

(a)     The government will recommend a two (2) level reduction in the defendant's adjusted offense level, based upon the defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the defendant's criminal conduct. The government agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional one (1) level decrease in recognition of the defendant's prompt acceptance of personal responsibility for the defendant's conduct.     The government may oppose *any* adjustment for acceptance of responsibility if the defendant (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements about the defendant's involvement in the offense; (d) is untruthful with the Court, the Government, or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw the plea of guilty for any reason other than those expressly enumerated in the Limited Waiver of Right to Appeal and Post-Conviction Relief section of this plea agreement;

(b)     That the defendant be remanded to the custody of the Bureau of Prisons and incarcerated for a term within the advisory United States Sentencing

Defendant's Initials JAW

Guideline range as that is determined by the Court on the date that the sentence is pronounced, and after both parties have had full right of allocution;

  (c) That following the said term of imprisonment, the defendant be placed on supervised release for a period up to Life, subject to the standard conditions of supervised release as set forth in U.S.S.G § 5D1.3, and to the following special condition(s):

  1. That the defendant be required to register as a sex offender for the full term of the defendant's supervised release, or for the full term provided for under the law of the jurisdiction the defendant chooses as the defendant's domicile, whichever is longer.

  2. That the defendant, with the exception of the defendant's own biological children, if any, not have contact with any child under the age of 18, without the presence of an adult and approved in advance by the Probation Officer; this includes prohibiting the defendant from having any contact with any child by telephone or the internet. The defendant shall immediately report any unauthorized contact with minor-aged children to the Probation Officer;

  3. That the defendant complete a sex offender evaluation, which may include periodic psychological, physiological, polygraph, plethysmography testing, and completion of the ABEL assessment, at

Defendant's Initials 𝕵𝕬𝖂

the direction of the Probation Officer;

4.     That the defendant participate and successfully complete an approved state-certified sex offender treatment program, including compliance with all lifestyle restrictions and treatment requirements of the program. The defendant shall allow reciprocal release of information between the Probation Officer and the treatment provider. The defendant shall contribute to the cost of treatment according to the defendant's ability to pay.

5.     That the defendant shall initially register with the state sex offender registration agency in Alabama according to Alabama state law, and shall also register with the state sex offender registration agency according to the law of any state in which the defendant resides, is employed, or is attending school.   The defendant shall comply with all requirements of federal and state sex offender registration laws, including the requirement to update his registration information.   Defendant shall provide proof of registration to the Probation Officer within 72 hours of release from imprisonment; and

6.     That the defendant be prohibited from using any computer, or any other device, with internet access, unless approved in advance by the Probation Officer, or required for employment. If approved by the

Defendant's Initials **JAH**

Probation Officer, or required for employment, the defendant must allow the Probation Officer or designee to conduct random inspections, including retrieval and copying of data from any computer, and any personal computing device that the defendant possesses or has access to, including any internal or external peripherals. This may require temporary removal of the equipment for a more thorough inspection. The defendant shall not possess or use any data encryption technique or program. According to the defendant's ability to pay, the defendant shall purchase and use such hardware and software systems that monitor the defendant's computer usage, if directed by the Probation Officer.

(d)     That the defendant be required to pay a fine in accordance with the sentencing guidelines, said amount due and owing as of the date sentence is pronounced, with any outstanding balance to be paid in full by the expiration of the term of supervised release;

(e)     That the defendant pay a special assessment fee of $100, said amount due and owing as of the date sentence is pronounced; and,

(f)     Should the government learn that the defendant has sexually abused or assaulted any minor, or committed any other crime of violence or if any victim should come forward prior to the defendant's sentencing, this agreement will be

Defendant's Initials**JAW**

considered null and void.

## IV. WAIVER OF RIGHT TO APPEAL AND POST-CONVICTION RELIEF

In consideration of the recommended disposition of this case, I, Joshua Abraham White, hereby waive and give up my right to appeal my conviction and/or sentence in this case, as well as any fines, restitution, and forfeiture orders that the Court might impose. Further, I waive and give up the right to challenge my conviction and/or sentence, any fines, restitution, forfeiture orders imposed or the manner in which my conviction and/or sentence, any fines, restitution, and forfeiture orders were determined in any post-conviction proceeding, including, but not limited to, a motion brought under 28 U.S.C. § 2255.

The defendant reserves the right to contest in an appeal or post-conviction proceeding any or all of the following:

> (a)    Any sentence imposed in excess of the applicable statutory maximum sentence(s); and,
>
> (b)    Any sentence imposed in excess of the guideline sentencing range determined by the Court at the time sentence is imposed.

The defendant acknowledges that before giving up these rights, the defendant discussed the Federal Sentencing Guidelines and their application

Defendant's Initials JAW

to the defendant's case with the defendant's attorney, who explained them to the defendant's satisfaction. The defendant further acknowledges and understands that the government retains its right to appeal where authorized by statute.

I, Joshua Abraham White, hereby place my signature on the line directly below to signify that I fully understand the foregoing paragraphs, and that I am knowingly and voluntarily entering into this waiver.

_Joshua Abraham White_

Joshua Abraham White, the defendant

## V. UNITED STATES SENTENCING GUIDELINES

Defendant's counsel has explained to the defendant, that in light of the United States Supreme Court's decision in United States v. Booker, the federal sentencing guidelines are advisory in nature. Sentencing is in the Court's discretion and is no longer required to be within the guideline range. The defendant agrees that, pursuant to this agreement, the Court may use facts it finds by a preponderance of the evidence to reach an advisory guideline range, and defendant explicitly waives any right to have those facts found by a jury beyond a reasonable doubt.

## VI. AGREEMENT NOT BINDING ON COURT

The defendant fully and completely understands and agrees that it is the

Defendant's Initials JAW

Court's duty to impose sentence upon the defendant and that any sentence recommended by the government is **NOT BINDING UPON THE COURT,** and that the Court is not required to accept the government's recommendation.

Further, the defendant understands that if the Court does not accept the government's recommendation, the defendant does not have the right to withdraw the guilty plea.

## VII. <u>VOIDING OF AGREEMENT</u>

The defendant understands that should the defendant move the Court to accept the defendant's plea of guilty in accordance with, or pursuant to, the provisions of <u>North Carolina v. Alford</u>, 400 U.S. 25 (1970), or tender a plea of *nolo contendere* to the charges, this agreement will become NULL and VOID. In that event, the Government will not be bound by any of the terms, conditions, or recommendations, express or implied, which are contained herein.

## VIII. <u>SUBSEQUENT CONDUCT</u>

**The defendant understands that should the defendant violate any condition of pretrial release or violate any federal, state, or local law, or should the defendant say or do something that is inconsistent with acceptance of responsibility, the United States will no longer be bound by its obligation to make the recommendations set forth in paragraph III of the Agreement, but instead, may make any recommendation deemed appropriate by the United**

Defendant's Initials JAW

States Attorney in her sole discretion.

## IX.  OTHER DISTRICTS AND JURISDICTIONS

The defendant understands and agrees that this agreement **DOES NOT**

**BIND** any other United States Attorney in any other district, or any other state or

local authority.

## X.  COLLECTION OF FINANCIAL OBLIGATION

In order to facilitate the collection of financial obligations to be imposed in

connection with this prosecution, the defendant agrees to fully disclose all assets in

which the defendant has any interest or over which the defendant exercises control,

directly or indirectly, including those held by a spouse, nominee or other third

party.  The defendant also will promptly submit a completed financial statement to

the United States Attorney's Office, in a form that it provides and as it directs.  The

defendant also agrees that the defendant's financial statement and disclosures will

be complete, accurate, and truthful.  Finally, the defendant expressly authorizes the

United States Attorney's Office to obtain a credit report on the defendant in order

to evaluate the defendant's ability to satisfy any financial obligation imposed by

the Court.

## XI.  AGREEMENT REGARDING RELEVANT CONDUCT AND RESTITUTION

As part of the defendant's plea agreement, the defendant admits to the above

Defendant's Initials JAW

facts associated with the charges and relevant conduct for any other acts. The defendant understands and agrees that the relevant conduct contained in the factual basis will be used by the Court to determine the defendant's range of punishment under the advisory sentencing guidelines. The defendant admits that all of the crimes listed in the factual basis are part of the same acts, scheme, and course of conduct. This agreement is not meant, however, to prohibit the United States Probation Office or the Court from considering any other acts and factors which may constitute or relate to relevant conduct. Additionally, if this agreement contains any provisions providing for the dismissal of any counts, the defendant agrees to pay any appropriate restitution to each of the separate and proximate victims related to those counts should there be any.

## XII. TAX, FORFEITURE AND OTHER CIVIL/ADMINISTRATIVE PROCEEDINGS

Unless otherwise specified herein, the defendant, **Joshua Abraham White,** understands and acknowledges that this agreement does not apply to or in any way limit any pending or prospective proceedings related to defendant's tax liabilities, if any, or to any pending or prospective forfeiture or other civil or administrative proceedings.

1.    The defendant agrees to identify all assets over which the defendant exercises or exercised control, directly or indirectly, within the past five years, or in

Defendant's Initials **JAW**

which the defendant has or had during that time any financial interest. The defendant agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by the defendant. The defendant agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of the defendant's tax returns for the previous five years. The defendant agrees to forfeit to the Government all of the defendant's interests in any asset of a value of more than $1,000 that, within the last five years, the defendant owned, or in which the defendant maintained an interest, the ownership of which the defendant fails to disclose to the United States in accordance with this agreement.

2. The defendant agrees to forfeit all interests in any asset used, in any way, to facilitate the offense to which he has pleaded guilty in this case, including but not limited to the following specific property:

(a) One (1) blue 1993 Dodge Dakota pick-up truck driven by the defendant to meet to engage in illegal sexual activity with a minor child;

(b) one (1) black and blue LG TracFone cellular telephone with serial number 102KPVH32951 and assigned telephone number (205) 514-#### (last four digits have been redacted); and,

(c) the computer and digital media, including computer disks, seized from the residence located in Mount Olive, Alabama and currently in the custody of law enforcement.

Defendant's Initials **JAW**

3.    The defendant agrees to consent to the immediate entry of orders of forfeiture for this property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4.    The defendant further agrees to waive all constitutional and statutory challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. The defendant agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the Government, and to testify truthfully in any judicial forfeiture proceeding. The defendant acknowledges that all property covered by this agreement is subject to forfeiture as proceeds of illegal conduct.

## **Non-Abatement of Criminal Forfeiture**

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive him, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The

Defendant's Initials 〕ᴀ𝗪

forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns until the agreed forfeiture, including any agreed money judgment amount, is collected in full. To the extent that forfeiture pursuant to this agreement requires the defendant to disgorge wrongfully obtained criminal proceeds for the benefit of the defendant's victims, the defendant agrees that the forfeiture is primarily remedial in nature.

Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense(s) to which defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including any attorney or the district court, can predict to a certainty the effect of conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that plea may entail, even if the consequence is automatic removal from the United States. entail, even if the consequence is his automatic removal from the United States.

## XIII. SEX OFFENDER REGISTRATION

Defendant understands that by pleading guilty, defendant will be required to

Defendant's Initials JAW

register as a sex offender upon his release from prison as a condition of supervised release pursuant to 18 U.S.C. § 3583(d) and this Plea Agreement. Defendant also understands that, independent of supervised release, he will be subject to federal and state sex offender registration requirements, and that those requirements may apply throughout his life. The defendant understands that he shall keep his registration current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person his sex offender registration information. Defendant understands that he will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If he resides in Alabama following release from prison, he will be subject to the registration requirements of Alabama Code § 13A-11-200, et seq. and other relevant Alabama law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement following conviction.

## XIV. **DEFENDANT'S UNDERSTANDING**

I have read and understand the provisions of this agreement consisting of **twenty-one (21)** pages. I have discussed the case and my constitutional and other rights with my lawyer. I am satisfied with my lawyer's representation in this case.

Defendant's Initials JAW

I understand that by pleading guilty, I will be waiving and giving up my right to continue to plead not guilty, to a trial by jury, to the assistance of counsel at that trial, to confront, cross-examine, or compel the attendance of witnesses, to present evidence in my behalf, to maintain my privilege against self-incrimination, and to the presumption of innocence. I agree to enter my plea as indicated above on the terms and conditions set forth herein.

**NO OTHER PROMISES OR REPRESENTATIONS HAVE BEEN MADE TO ME BY THE PROSECUTOR, OR BY ANYONE ELSE, NOR HAVE ANY THREATS BEEN MADE OR FORCE USED TO INDUCE ME TO PLEAD GUILTY.**

I further state that I have not had any drugs, medication, or alcohol within the past 48 hours except as stated here:

I understand that this Plea Agreement will take effect and will be binding as to the Parties **only** after all necessary signatures have been affixed hereto.

I have personally and voluntarily placed my initials on every page of this Agreement and have signed the signature line below to indicate that I have read, understand, and approve all of the provisions of this Agreement, both individually and as a total binding agreement.


10/29/2011
DATE

Joshua Abraham White
**Joshua Abraham White,**
**The defendant**

Defendant's Initials JAW

## XV. <u>COUNSEL'S ACKNOWLEDGMENT</u>

I have discussed this case with my client, **Joshua Abraham White,** in detail and have advised my client of all of my client's rights and all possible defenses. My client has conveyed to me that my client understands this Agreement and consents to all its terms. I believe the plea and disposition set forth herein are appropriate under the facts of this case and are in accord with my best judgment. I concur in the entry of the plea on the terms and conditions set forth herein.

_10-29-'11_
DATE

Donald L. Colee, Jr.
Defendant's Counsel

## XVI. <u>GOVERNMENT'S ACKNOWLEDGMENT</u>

I have reviewed this matter and this Agreement and concur that the plea and disposition set forth herein are appropriate and are in the interests of justice.

JOYCE WHITE VANCE
United States Attorney

_10/31/11_
DATE

DANIEL J. FORTUNE
Assistant United States Attorney

Defendant's Initials _JAW_